Thomas F. **WITTIG** etc.

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION.**

**Civ. No. 5012.**

United States District Court
N. D. Indiana,
Hammond Division.

April 11, 1969.

**680**

Edward J. Raskosky, Hammond, Ind., for plaintiff.

Jay Charon, Gary, Ind., for defendant.

## MEMORANDUM

BEAMER, District Judge.

Defendant has filed a motion to dismiss this diversity action for lack of the jurisdictional amount of more than Ten Thousand Dollars ($10,000.00). Title 28 U.S.C. § 1332. Plaintiff, a minor, was struck and injured by an uninsured motorist while riding a bicycle near the family home. He brings this action by his next friend to recover on the father's policy of automobile insurance, (United Services Automobile Association Policy No. 14–93–96–7) particularly the Uninsured motorist and Medical payments provisions. The policy, attached to the complaint, provides up to Ten Thousand Dollars coverage for injuries due to uninsured motorists and Five Thousand Dollars for medical payments for each person. While plaintiff has demanded judgment in the amount of Twenty Thousand Dollars, recovery under these two provisions would aggregate Fifteen Thousand Dollars at most, a sum still in excess of the jurisdictional amount. The defendant, however, contends that because of certain provisions in the policy which limit the combined recovery under the two coverages, plaintiff's maximum recovery is Ten Thousand Dollars and the Court, therefore, lacks jurisdiction of the subject matter.

While the defendant sets out the entire limits of the liability provision of the uninsured motorist coverage in its brief, it relies only on one portion thereof, which provides:

> (d) The Company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II. (Medical coverage.) (Parenthetical added.)

The conclusion of defendant's brief, which cites no authority other than the policy, states:

> Since the Coverage afforded the plaintiff, or plaintiffs, in this cause includes Coverage for medical payments or expenses for medical services paid or payable under Part II of said policy, the amount which could be recovered in this cause is limited to an amount not greater than TEN THOUSAND DOLLARS ($10,000.00) less that portion which is paid or payable under Part II of the policy, to-wit: medical payments or medical expenses, and accordingly the court lacks jurisdiction under 28 U.S.C.A. Sec. 1332.

Plaintiff's brief, supported by copies of decisions from other jurisdictions, attacks the asserted limits of liability and defendant's interpretation thereof as contrary to public policy as embodied in Burns' Indiana Statutes § 39–4309, and therefore void.

▮ The narrow question before the Court is whether plaintiff may recover in excess of Ten Thousand Dollars exclusive of interest and costs under a valid interpretation of the policies upon which he sues. The first step in determining this question is to determine the meaning of the policy provisions as written, while keeping in mind the long-standing principle that ambiguous language in insurance policies drafted

by the insurer is interpreted in favor of the insured. Both plaintiff and defendant appear to assume that the limitation of liability involved in this case is properly construed to mean that any sums recovered or recoverable under the medical coverage are to be deducted from the limits of liability allowed under the uninsured motorist coverage. Under that interpretation, an insured who suffered damages in the amount of One Hundred Thousand Dollars at the hands of an uninsured motorist, and who received Two Thousand Dollars under the medical coverage, could only recover Eight Thousand Dollars under the uninsured motorist coverage. ($10,000 uninsured motorist coverage, less $2,000 payment under medical coverage equals $8,000 limit of liability under uninsured motorist coverage.) That is not what the policy says. It provides that the insured may not recover sums under the uninsured motorist coverage representing expenses paid or payable under medical coverage. It does not place any new limits or impose any reductions upon the amount of coverage provided. It is better construed to mean that plaintiff may not have ๅ double recovery for the same expenses, but that he still may recover the full limits of liability under the proper circumstances. Taking the example already used, where the plaintiff suffers One Hundred Thousand Dollars damage at the hands of an uninsured motorist and receives Two Thousand Dollars under the medical coverage—using the construction of the provision just given—such plaintiff could still recover Ten Thousand Dollars under the uninsured motorist coverage. ($100,000 total damages less $2,000 medical payments equals $98,000 compensable damages of which the plaintiff may recover $10,000 or the limits of liability under the uninsured motorist coverage.) Only where plaintiff's actual damages are such that they total less than the combined medical and uninsured motorist coverage would he receive less than Ten Thousand Dollars under the uninsured motorist coverage. ($10,000 total damages less $2,000 paid under the med-

ical payments equals $8,000 damages compensable under the uninsured motorist coverage.) Until all the facts are shown, it is impossible to say that plaintiff will not prove damages in excess of Fifteen Thousand Dollars, the combined limits of recovery on the two types of coverage. Adopting the latter construction, it is clear that plaintiff's complaint states a claim in excess of the jurisdictional amount.

The Court having determined the policy is properly construed to allow a recovery in excess of Ten Thousand Dollars exclusive of interest and costs, it finds it unnecessary to reach the questions of public policy raised by plaintiff at this time.