In the Matter of the Arbitration between WILLIAM P. HUTCHISON, Appellant, and HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent.— In a proceeding to confirm an award in arbitration, petitioner appeals from so much of an order-judgment of the Supreme Court, Kings County, dated October 19, 1969, as (1) granted respondent's cross motion to modify the award so as to reduce the principal amount thereof from $10,000 to $8,000; (2) upon petitioner's motion for reargument, adhered to said original decision; and (3) constituted a money judgment reflecting said reduction. Order-judgment modified, on the law and the facts, (1) by striking from the first decretal paragraph thereof everything after the words that respondent's cross motion "herein be and is" (i.e., "granted", etc.) and substituting therefor the word "denied"; (2) by striking from the second decretal paragraph thereof the words "and upon such reargument the Court adheres to its original decision of June 5, 1969" and substituting therefor the words "and the motion of the petitioner is granted insofar as it is to confirm the award of the arbitrator in the sum of $10,000 plus the administrative fees and expenses of the American Arbitration Association"; (3) by striking from the third decretal paragraph thereof everything after the words "that the Arbitrator's $10,000 award" and substituting therefor the following: "and his award for such fees and expenses be confirmed"; and (4) by striking from the fourth decretal paragraph thereof the following: "Eight Thousand ($8,000) Dollars" and substituting therefor the following: "Ten Thousand ($10,000.00) Dollars". As so modified, order-judgment affirmed, with $10 costs and disbursements to appellant. Petitioner, while driving his wife's automobile, was involved in an accident with the automobile of a hit-and-run motorist. As a result of the accident he suffered severe personal injuries and sustained extensive medical, surgical and hospital expenses and great loss of wages. Subsequently, he made claim against the respondent insurance carrier under the uninsured motorist's provisions of the automobile liability insurance policy issued to his wife by the carrier. The claim proceeded to arbitration and thereafter petitioner received an award of $10,000, the maximum allowed both by law and pursuant to the policy's amendatory indorsement relating to protection afforded an insured against uninsured motorists. The record indicates that his total damages for bodily injuries, including special damages for medical and hospital expenses and loss of wages, greatly exceeded $10,000. At Special Term, the carrier succeeded in reducing the $10,000 award by the $2,000 it had paid petitioner previously under the medical payment provision (Section II [Coverage B]) of the policy. Petitioner's medical, surgical and hospital expenses, as a result of the accident, greatly exceeded $2,000. However, $2,000 was the limit of the carrier's liability for medical payments to petitioner under the policy. On this appeal, the carrier argues that the record clearly shows that the $2,000 it paid to petitioner for some of his medical bills was included in the arbitrator's award and therefore the reduction was proper. Petitioner asserts, *inter alia*, that the fact that the carrier reimbursed him for some of the medical expenses amounting to $2,000 does not mean (1) that anything for such expenses was included in the award and (2) that the $2,000 must be deducted from the award as a duplicate payment. The respondent carrier's policy provided in part as follows: (1) Under Section II (Captioned "Expenses For Medical Services" [Coverage B]), that the carrier shall pay up to $2,000 to an insured and each relative injured while occupying the insured vehicle: "all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical,

x-ray and dental services * * * caused by the accident." Under Section III (captioned "Protection Against Uninsured Motorists" [Coverage D]): "4. (d) * * * The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile *which represents expenses for medical services paid or payable under Section II*" [emphasis added]. In his restatement of the award, the arbitrator stated in part: "Your deponent states * * * that the award * * * of $10,000 was not for bodily injuries only, but includes an indefinite amount for medical expenses, loss of earnings, as well as bodily injuries, pain and suffering, permanency, etc. * * * It is the recollection of deponent that the loss of earnings proved by the petitioner claimant, as well as his medical and hospital bills, were so extensive and his injuries were so serious * * * that they greatly exceeded the sum of $10,000; * * * "Your deponent recalls that *he gave no weight* to the demand by the respondent that the sum of $2,000 be deducted from the total award because the other elements of damage sustained by the petitioner claimant were so great that the [total] medical and hospital expenses were [sic] far outweighed by the other elements of damages and *played little* or *no part* in the final award" [italics and bracketed matter supplied]. The learned Judge at Special Term held that petitioner's award should be reduced by the $2,000 received from the carrier under the medical payments provisions on the ground that the arbitrator's restatement of the award clearly indicated that the actual amount of petitioner's medical and hospital expenses were at least $2,000. We disagree with his reasoning and conclusion. The purpose of the aforequoted language of the "Protection Against Uninsured Motorists" provision (Section III, subd. 4, par. [d]) was intended to avoid having the carrier again pay those expenses it had paid, or would be required to pay, under the medical payment provision (*Matter of Miller* [*Cosmopolitan Mut. Ins. Co.*], 33 A D 2d 917). In *Miller,* there was clearly a duplication of payment for the same medical services. However, the aforequoted language does not afford the carrier the right, *carte blanche,* to reduce an arbitration award by such medical payments, simply because an amount for medical and hospital damages might also be included in the award. In the policy before us, the carrier's liability is limited to $2,000 under the medical payment provision; *if* the carrier has paid that amount for certain medical and hospital services, then an allocation of damages for those specific services cannot be duplicated in the arbitration award. However, since the uninsured motorist coverage (Coverage D) provides, *inter alia,* that the carrier shall pay all sums which the claimant shall be entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, etc., then the claimant is entitled to be awarded any excess in medical expenses over $2,000, together with whatever may be allowed for other damages resulting from the accident, the award not to exceed *in toto* $10,000. Therefore, in order to succeed in reducing an arbitration award by payments it made under the medical payment provision of the policy, the carrier must establish that specifically included in the total award are damages for those medical and hospital expenses for which it reimbursed the claimant (cf. *Silinsky* v. *State-Wide Ins. Co.,* 30 A D 2d 1). If the award does not include damages for medical and hospital expenses, or includes damages for medical and hospital expenses *other* than those for which the carrier already paid the claimant under the medical payment provision (or, to use the language of the policy, "damage which *represents expenses* for medical services *paid or payable* under Section II" [emphasis supplied] of the policy), then the carrier

may not set off such payments against the award. In the instant matter, not only has the carrier failed to demonstrate that the $10,000 award includes those medical and hospital expenses for which it reimbursed petitioner, but, in fact, the arbitrator's restatement of the award suggests that such expenses were not included. As quoted *supra*, the arbitrator in his restatement said that he "gave *no* weight" [emphasis supplied] to the demand by the carrier that the $2,000 be deducted from the total award since the other elements of damages "were so great that the medical and hospital expenses were far outweighed by the other elements of damages". We construe that statement to mean (a) that the arbitrator allocated very little of the $10,000 award to *all* of petitioner's medical and hospital expenses in view of his overall extensive damages, and (2) that, by giving *no weight* to the claim for deduction of the $2,000 from the award, the arbitrator was holding, in effect, that those medical and hospital damages covered by such sum constituted no part of (or were not *represented* in) the indefinite small amount allocated by him to all medical and hospital damages in the total award. We are also of the opinion that the cases which hold that workmen's compensation payments made to a claimant must be deducted from his arbitration award (*Matter of Durant* [*MVAIC*], 15 N Y 2d 408; *Matter of Napolitano* [*MVAIC*], 21 N Y 2d 281) are not in point. The thrust of both these cited cases is that the carrier may reduce its liability by such payments under the uninsured motorist's coverage; furthermore, the policy in each instance specifically provided for such a reduction. A similar limiting provision with respect to medical payments is nowhere present in the policy before us. We therefore confirm the $10,000 award of the arbitrator and disallow any offset for payments made by the carrier to petitioner under the policy's medical payment coverage. Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur; Munder, Acting P. J. I dissent and vote to affirm. I read paragraph (d) of the liability limiting subdivision (No. 4) of the uninsured motorist provision of the policy to mean that if the company has paid any amount under the medical payments section of the policy such amount must be deducted from the total damages awarded under the uninsured motorist endorsement (cf. *Matter of Miller* [*Cosmopolitan Mut. Ins. Co.*], 33 A D 2d 917). Where, as in this case, the total damages exceed the policy limit of $10,000 and the company has paid $2,000, the limit under its medical payments provision, the award may not exceed $8,000.