KEYES *v* BENEFICIAL INSURANCE COMPANY

Opinion of the Court

1. Insurance—Automobiles—Uninsured Motorist Coverage—Other Insurance.

An insurance policy which reduces the liability of the insurer for damages from an uninsured motorist where the insured has recourse to other insurance does not comply with the statute requiring all policies of automobile liability insurance to provide coverage in a specified minimum amount for the protection of persons insured who are legally entitled to recover damages from uninsured motorists (MCLA 500.3010).

2. Insurance—Automobiles—Uninsured Motorist Coverage—Other Insurance.

An automobile insurance policy which reduces the liability of the insurer under the policy's uninsured motorist coverage if the insured has recourse to the medical payment coverage for damages from an uninsured motorist in the same policy does not comply with the statute requiring all policies of automobile liability insurance to provide coverage in a specific minimum amount for the protection of persons insured who are legally entitled to recover damages from uninsured motorists (MCLA 500.3010).

---

References for Points in Headnotes

[1–4] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

DISSENT BY V. J. BRENNAN, P. J.

3. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE.

> The uninsured motorist statute requires each policy of automobile insurance to provide certain minimum coverage; it does not require the uninsured motorist provision of each policy to provide the mandated coverage; while the statute does not permit an insurer to reduce his maximum liability beneath the statutory minimum, the statute in no way prevents the insurer from limiting his maximum liability to the statutory minimum (MCLA 500.3010).

4. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE.

> The uninsured clause of an insurance policy which states that the insurer is not obligated to pay for medical services caused by an uninsured motorist if the payment is covered under the policy's medical payment clauses does not violate statutory requirements; the argument that the insured has paid premiums for both uninsured motorist coverage and medical coverage and should therefore be entitled to receive both is fallacious, because this argument assumes that the insurer did not take the clause providing setoff of medical payments against uninsured motorist coverage into consideration when computing its premium.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 January 10, 1972, at Detroit. (Docket No. 11963.) Decided March 24, 1972.

Complaint by Sally Simo, for herself and as guardian of John R. Keyes, against Beneficial Insurance Company for payment of benefits under an automobile insurance policy. Summary judgment for defendant. Plaintiffs appeal. Reversed and remanded with instructions.

*Lopatin, Miller, Bindes, Tanielian & Freedman* (*Michael H. Feiler*, of counsel), for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Stanley A. Prokop*), for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and Van Valkenburg,* JJ.

J. H. Gillis, J. On October 27, 1966, plaintiff John R. Keyes was injured in an automobile accident through the negligence of an uninsured motorist. Plaintiff Keyes was covered under a policy of insurance purchased by his stepfather from the defendant, Beneficial Insurance Company. The policy provided the statutorily-mandated uninsured motorist coverage (MCLA 500.3010; MSA 24.13010), and also provided medical coverage in a maximum amount of $1,000.

A dispute arose regarding the amount of damages due plaintiffs, and the matter was submitted to arbitration. On November 11, 1970, the arbitrator rendered the following award:

"I, the undersigned arbitrator, having been designated in accordance with the arbitration provision of policy number A646093, and having been duly sworn and having heard the proofs and allegations of the parties, as follows:

"Beneficial Insurance Group shall pay to John A. Keyes, a minor, the sum of ten thousand dollars ($10,000), for pain and suffering.

"I further find that the medical bills submitted are for injuries causally related to the accident, but whether or not there is a separate award in favor of John Simo for the medical bills or whether the $1,000 contractual medical coverage applies, is by stipulation, left for determination by counsel for the parties."

Pursuant to this decision by the arbitrator, the defendant paid plaintiffs $10,000. Plaintiffs then sought an additional $1,000 for medical expenses by suit in the Macomb County Circuit Court. The court

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

granted defendant's motion for summary judgment; from that grant plaintiffs appeal.

The defendant denies any further liability, and cites the following provision from the uninsured motorist portion of its policy of insurance:

"(d) The company shall not be obligated to pay under this insurance that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured highway vehicle which represents expenses for medical services paid or payable under the medical payments coverage of the policy."

The question raised on appeal is whether the aforementioned contract provision is violative of MCLA 500.3010; MSA 24.13010. The plaintiffs rely primarily on *Blakeslee v Farm Bureau Mutual Insurance Company of Michigan,* 32 Mich App 115 (1971), where this Court held that an "other insurance" provision in an automobile liability policy which reduced the maximum liability on the policy below $10,000 was violative of the aforementioned statute. Since the time plaintiffs filed their brief, this Court has also decided *Collins v Motorists Mutual Insurance Co,* 36 Mich App 424 (1971), which reached a similar result.

The defendant argues that those cases are not on point in that here the insurer has already paid the insured $10,000, the minimum statutory amount at the time of the incident, pursuant to the policy and that the statute requires no more. We disagree with the defendant's position.

A majority of the few jurisdictions that have considered the same issue presented in this case have refused to allow a medical payment offset against uninsured motorist coverage.[1] The decision of

[1] *Tuggle v Government Employees Insurance Co,* 207 So 2d 674 (Fla, 1968); *Stephens v Allied Mutual Insurance Co,* 182 Neb 562; 156

*Tuggle* v *Government Employees Insurance Co,* 207
So 2d 674 (Fla, 1968), is of particular interest in
that it involved an almost identical statute and
rested upon similar principles which moved this
Court in *Blakeslee* v *Farm Bureau Mutual Insurance
Co,* 32 Mich App 115 (1971). As in Michigan, the
Florida courts had previously struck down "other
insurance" clauses which had the effect of offsetting
full uninsured motorist coverage (*Sellers* v *U S F &
G Co,* 185 So 2d 689 [Fla, 1966]). The Court in
*Tuggle, supra,* in pointing out that a separate
premium was paid for the medical coverage and
that there was no duplicity of coverage since the
uninsured motorist claim exceeded $10,000 exclusive
of medical bills,[2] went on to hold that:

> "In view of the fact that the two classes of cover-
> age involved in the policy under consideration were
> contracted separately, with independent premiums,
> we are unable to distinguish this situation from that
> in *Sellers,* relating to multiple carriers. Nor does
> there appear to be any basis for treating the set-off
> provision as amounting only to a contractual reduc-
> tion of medical benefits, contrary to the actual lan-
> guage of the policy stating in the provision for unin-
> sured motorist coverage that the company shall not
> be obligated to pay any part of such liability which
> represents expense 'payable' by the insurer under
> its medical benefits coverage. The clause on its face
> is one to decrease uninsured motorist coverage be-
> neath the statutory minimum, and one which means
> that under certain conditions (medical benefits in

NW2d 133 (1968); *Bacchus* v *Farmers Insurance Group Exchange,*
106 Ariz 280; 475 P2d 264 (1970); *Wittig* v *United Services Auto
Association,* 300 F Supp 679 (ND Ind, 1969); *Hutchison* v *Hartford
Accident & Indemnity Co,* 34 App Div 2d 1010; 312 NYS2d 789
(1970); *Meridian Mutual Insurance Co* v *Siddons,* 451 SW2d 831
(Ky, 1970).

[2] Both of these situations are likewise applicable to the case pres-
ently before this Court.

excess of $10,000) there will be no uninsured motorist coverage whatever." *Tuggle, supra,* p 675.

Likewise, in *Bacchus* v *Farmers Insurance Group Exchange,* 106 Ariz 280, 283; 475 P2d 264, 267 (1970), (where a statute almost identical to MCLA 500-.3010; MSA 24.13010, was involved) the Arizona Supreme Court stated:

"We do not feel that this statement is entirely correct for in certain circumstances its strict application could work a hardship on the insured. By our statute, against financially irresponsible drivers a minimum coverage must be made available to insureds, not as a convenience but rather as a legislative mandate and in amounts of dollars and cents which leave nothing to the imagination of drafters of the insurance policies—$10,000 per person and $20,000 per occurrence. *The fact that the motorist sees fit to clothe himself with other insurance protection and pays a premium therefor—such as medical payments—cannot alter the mandatory safeguards that the Legislature considers necessary for the well being of the citizen-drivers of our state. More particularly, a policy provision which the insured considers to be additional protection and for which he pays a premium with such extra protection in mind cannot be transposed by the insurer into a reduction of the mandatory minimum coverage.*

"It is our opinion that in enacting § 20–259.01 ARS it was the intent of the Legislature that each insured who availed himself of uninsured motorist coverage would have available *not less than* $10,000 per person and $20,000 per occurrence. Any attempt, by contract or otherwise, to reduce any part of this amount is violative of the statute." (Emphasis supplied.)

Finally, our Court in *Blakeslee, supra,* in holding an "other insurance" provision in an uninsured motorist clause of an automobile insurance policy in

derogation of the uninsured motorist coverage provision of the insurance code, and, hence, of no effect, went on to indicate that an insurer is no longer free, as it had been prior to the statute, to insert language restricting the coverage to less than the statute requires.

Likewise, in the case at bar, it appears that the provision in question conflicts with the Michigan statute. It is clear that an insurer will pay $10,000 to a policyholder who has no separate medical coverage. Plaintiff Keyes' stepfather in the instant case contracted for both uninsured motorist and medical payments coverage. By payment of separate premiums for the latter, plaintiff Keyes is entitled to extra protection. To allow this insurer to deduct the $1,000 from the $10,000, which it is required by statute to pay, would have the effect of reducing the uninsured motorist coverage to a minimum of $9,000, thereby being in clear violation of the letter and spirit of MCLA 500.3010; MSA 24-.13010. A result which concludes that as medical bills go up, uninsured motorist coverage goes down, clearly seems incongruous to the intent of the Legislature and should not be tolerated. Accordingly, we reverse the trial court's ruling granting summary judgment to the defendant and remand with instructions to enter judgment for the plaintiffs.

Reversed and remanded. Costs to plaintiffs.

Van Valkenburg, J., concurred.

V. J. Brennan, P. J. (*dissenting*). I disagree with the interpretation which the majority places on the Michigan uninsured motorist statute. That statute (MCLA 500.3010; MSA 24.13010) provides, in pertinent part, as follows:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered

by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257-.504 of the Compiled Laws of 1948,   *   *   *   for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein."

I cannot quarrel with my brethren's statement that the majority of jurisdictions which have considered this issue have reached the same conclusion they reach.[1] However, I feel that both my brethren and the jurisdictions they rely on have misinterpreted the statutory language.

The uninsured motorist statute requires each *policy* of insurance to provide certain minimum coverage in certain situations. The majority in this case have read the statute to require the uninsured motorist *provision* of each policy to provide the mandated coverage. While the statute does not permit an insurer to reduce his maximum liability beneath the statutory minimum (see *Blakeslee* v *Farm Bureau Mutual Insurance Company of Michigan,* 32 Mich App 115 [1971]; and *Collins* v *Motorists Mutual Insurance Co,* 36 Mich App 424 [1971]), the statute in no way prevents the insurer from limiting his maximum liability to the statutory minimum.

---

[1] See Anno, 24 ALR3d 1353. .

The argument that the insured has paid premiums for both uninsured motorist coverage and medical coverage and should therefore be entitled to receive both is fallacious. This argument assumes that the insurer did not take the clause providing setoff of medical payments against uninsured motorist coverage into consideration when computing its premium. There is no evidence in this case to support the proposition that this setoff was not taken into account in determining the required premium. I would therefore affirm.