704

■ FLORENCE SLATKIN, Appellant, v NEW JERSEY MANUFACTURERS INSURANCE COMPANY OF TRENTON, NEW JERSEY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered January 25, 1974 in Sullivan County, which denied plaintiff's cross motion for summary judgment and granted a motion by defendant for summary judgment dismissing the complaint. Plaintiff, while a passenger in a friend's automobile driven by the friend's daughter, was involved in a head-on collision on New York State Highway 9W. The other vehicle was uninsured and unregistered and was being driven by an allegedly intoxicated, unlicensed operator. As a result of the accident, plaintiff sustained a fractured spine in the cervical area which required the surgical insertion of a steel device in her head to immobilize the fracture. Her medical, hospital and related expenses totaled $3,684.84. Plaintiff sought arbitration under the "uninsured motorists endorsement" of the policy on the vehicle in which she was a passenger. The arbitrator made an award of $10,000, which was the defendant's limit of liability under the endorsement, and the award was confirmed without objection. Defendant issued a draft for $10,000 to the plaintiff in satisfaction of the judgment entered on the arbitrator's award. Thereafter, plaintiff filed a claim under the medical payments portion of the same policy which had been purchased from defendant for an additional premium, which had a limit of liability of $2,500. Plaintiff commenced this action when defendant did not respond to this claim. The arbitrator's award specifically provided that it was made "without regard to the special damages proved herein. This award is predicated solely upon the injuries of the claimant as this was the only disputed issue before me." There is no dispute as to the facts of the accident, the severity of plaintiff's injuries, nor the reasonableness of her medical and hospital bills. Special Term granted summary judgment to the defendant and dismissed the complaint, holding that the language of the uninsured motorists endorsement precluded recovery by the plaintiff under the medical payments coverage of the policy. We do not agree. The endorsement entitled "Protection Against Uninsured Motorists Insurance", in section III under Limits of Liability, reads as follows: "(e) The company shall not be obligated to pay under this insurance that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured highway vehicle which represents expenses for medical services paid or payable under the medical payments or medical expense coverage of the policy or which represents loss paid or payable to the insured under any automobile physical damage insurance of the policy." The above-quoted paragraph is attached to, but is separate and distinct from the general liability and medical payments insurance policy. This uninsured motorists endorsement "should be considered to exist independently from the standard policy to which it is annexed" and should remain viable even in a case where liability under the main policy has been disclaimed by the insurer. *(Matter of Knickerbocker Ins. Co. [Faison]*, 22 NY2d 554, 558, mot for rearg den 22 NY2d 973, cert den 393 US 1055.) Thus, we treat the standard policy and the uninsured motorists endorsement as completely separate policies, and in so doing, we cannot but conclude that the language of the endorsement providing that medical payments may be offset "under this insurance" can have reference only to the uninsured motorists endorsement. The medical payment coverage in the general policy contains no corresponding provisions for offsets from that coverage for payments made under the uninsured motorists endorsement. Since an exclusion from the uninsured motorists endorsement is explicitly prescribed with respect to medical expense benefits, and the medical payment policy provision is silent in

regard to any setoff or credit for prior settlement of uninsured motorists claims, it is clear that a like exclusion was not intended to apply in reverse. The defendant insurer having failed to obtain medical expense offsets from the arbitrator's award, may not now be credited with those expenses it could have offset to reduce to zero the amount for which it is now alleged to be liable under the medical expense coverage. The defendant effectively waived any offsets to which it was entitled when they were not sought from the arbitrator, when no objection was made to the confirmation of the award, and when the judgment was satisfied by payment in full. Nor do we find any merit to defendant's argument that it could not have sought offsets from the arbitrator's award because no payments had been made under the medical payment coverage at the time of the award. Under the clear language of the uninsured motorists endorsement an offset may be sought for damages the insured "may be entitled to recover" representing expenses "paid or payable." Even assuming that this court were to find that a reverse offset would be permissible under the policy of insurance, in order to succeed in reducing an arbitrator's award made under the uninsured motorists endorsement, by payments under the medical payment provision, the insurer must establish that the medical and hospital expenses were specifically included in the total award of damages. If the award does not include such damages, then the insurer may not set off medical expenses against the award. (*Matter of Hutchison [Hartford Acc. & Ind. Co.]*, 34 AD2d 1010.) The defendant has not even attempted to demonstrate in this case that the $10,000 award by the arbitrator included medical and hospital expenses for which reimbursement is now being sought by the plaintiff. Additionally, the award itself specifies that it is predicated solely upon the plaintiff's injuries, without any consideration of the medical expenses incurred. Accordingly, the complaint should not have been dismissed, and we conclude that the plaintiff is entitled to the relief sought in the action, as a matter of law. Order reversed, on the law, and plaintiff's cross motion for summary judgment granted, with costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.