Martin Rodell, J.
This is an action to declare the rights of the parties pursuant to an auto liability policy issued by the plaintiff GEICO to the defendant claimant. While incorrectly denominated an application to stay arbitration (see CPLR 7503), defendant has ¿ppeared and answered and a review of the papers before the court reveals an agreed statement of facts. Therefore, the court will deem this proceeding to be an action for declaratory judgment (CPLR 103, subd [c]; Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400) and decide the matter accordingly.
Briefly stated, the conceded facts are as follows: The infant claimant was injured when she was struck by an uninsured motor vehicle. At the time of the accident the claimant was insured by an automobile liability policy issued by the plaintiff. As a result of" the accident a claim was made for "first party benefits” under the "no-fault” provisions of this policy and the claimant has been paid the sum of $5,056.30 pursuant to this provision. Subsequently, the claimant demanded arbitration with the plaintiff for her claim against the uninsured driver pursuant to the uninsured motorist endorsement of the same policy. GEICO now seeks a declaration that it is entitled to an offset in the form of a lien in the sum of $5,056.30 against any recovery made by the claimant pursuant to the uninsured motorist endorsement of the policy.
The plaintiff concedes, and cases have so held, that neither the uninsured motorist endorsement nor the no-fault provisions of the policy preclude a claimant from receiving benefits under both endorsements (see, e.g., Aetna Cas. & Sur. Co. v Dillard, NYLJ, Nov. 12, 1975, p 8, col 3; but see, contra, Matter of Allcity Ins. Co., NYLJ, March 10, 1975, p 2, col 4). However, there is a basic disagreement amongst the decisions as to whether the amounts paid by an insurer for first-party benefits are recoverable by the insurer in the form of a lien on any subsequent award received pursuant to the uninsured *24 motorist endorsement (see, e.g., cases holding such payment a lien: Matter of Merchants Ins. Co., NYLJ, Dec. 19, 1975, p 5, col 4; State Farm Mut. v Gusset, NYLJ, Oct. 20, 1975, p 6, col 4; State Farm Mut. v Teiller, NYLJ, Aug. 4, 1975, p 13, col 1; but see, contra, Matter of Spitaleri [Hartford Acc. & Ind. Co.], NYLJ, Dec. 16, 1975, p 5, col 4; Matter of Matos [Government Employees Ins. Co.] NYLJ, April 2, 1976, p 11, col 6).
This court is in agreement with the latter cases which have held that the payment of first-party benefits is not a lien on any recovery in a subsequent action against an insurer pursuant to the uninsured motorist endorsement.
Subdivision 2 of section 673 of the Insurance Law, the statute relied upon by both plaintiff and those decisions which have held that the payment of first-party benefits amounts to a lien, reads as follows: "In any action by or on behalf of a covered person, against a non-covered person, where damages for personal injuries arising out of the use or operation of a motor vehicle in this state may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person.” Moreover, a regulation of the Department of Insurance (11 NYCRR 65.6 [q]) promulgated thereunder provides: 'MVAIC and uninsured motorist protection * * * To the extent that the insurer pays first party benefits to an applicant, the insurer is entitled to recover such first party benefits from the proceeds of any settlement or judgment such applicant may receive for the same injury under the New York motor vehicle accident indemnification endorsement or the protection against uninsured motorist coverage.”
A plain reading of subdivision 2 of section 673 of the Insurance Law leads to a different conclusion than the one reached by the above-cited decisions. By its wording, an insurer is to be given a lien for amounts paid or payable as "first party benefits” against any recovery realized by a "covered person” in an "action * * * against a non-covered person”. The claimant herein by seeking arbitration pursuant to the uninsured motorist endorsement is not commencing an "action * * * against a non-covered person” but is seeking to enforce a contractual right she has pursuant to statute (Insurance Law, § 167, subd 2-a) against the plaintiff, her insurer. Therefore, the statutory lien granted by subdivision 2 of section 673 of the Insurance Law is not applicable to the *25 present contractual action by the claimant insured against her insurer.
To the extent that the regulation of the Insurance Department (11 NYCRR 65.6 [q]) purports to permit an insurer to recover first-party benefits in the form of a lien on an award under the uninsured motorist endorsement, it is in conflict with the underlying statute and thus invalid and unenforceable by this or any other court (cf. Connelly v O’Malley, 17 AD2d 411).
Submit judgment in accordance with the above and provide therein for a declaration of the rights of the parties as follows: Plaintiff insurer does not have a lien of $5,056.30 because of payment of same as first-party benefits on any subsequent arbitration award recovered by the defendant infant claimant pursuant to the uninsured motorist endorsement of the automobile insurance policy issued by the plaintiff.