AMERICAN FIDELITY FIRE INSURANCE COMPANY v
WILLIAMS

OPINION OF THE COURT

1. AUTOMOBILES—INSURANCE—UNINSURED MOTORISTS—SET-OFF PRO-
   VISION.
   The reduction of an insurer's liability under uninsured motorist
   coverage by the amount of whatever payments the insurer
   makes under personal protection coverage is proper where a
   provision of an automobile insurance policy clearly authorizes
   such a reduction.

DISSENT BY N. J. KAUFMAN, J.

2. CONTRACTS—DEFINITIONS—BINDING ON PARTIES.
   *A contract definition is binding on the parties to the contract.*

3. INSURANCE—INTERPRETATION OF POLICIES.
   *An insurance policy which requires interpretation is generally
   construed strictly against the insurer and more liberally
   toward the insured.*

4. AUTOMOBILES—INSURANCE—UNINSURED MOTORISTS—SET-OFF PRO-
   VISION.
   *An automobile insurance policy provision which authorizes a
   reduction in uninsured motorist coverage benefits by the
   amount paid by the insurer under personal protection coverage
   is inequitable and unjust and should not be enforced where the
   insured believed that he was contracting for full coverage of
   both personal protection and uninsured motorist benefits and
   where a permissible inference from the definitions in the policy
   is that the two types of coverage are co-extensive each with the
   other.*

Appeal from Wayne, Joseph A. Moynihan, Jr., J.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 1, 2.

Submitted June 14, 1977, at Detroit. (Docket No. 29993.) Decided December 5, 1977.

Complaint by American Fidelity Fire Insurance Company against Catherine Williams, Beatrice Gilmer and David Gilmer for a declaratory judgment that plaintiff had the right to reduce the amount owing to defendants under the uninsured motorist coverage provision of an automobile insurance policy by the amount of personal protection benefits already paid under the policy as a result of injuries caused to defendants in a collision with an uninsured motorist. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Blum & Stalburg, P. C.,* for plaintiff.

*John M. Dell'Orco,* for defendants.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

R. M. MAHER, P. J. Plaintiff insurer appeals from an order granting defendants' motion for summary judgment. We reverse.

Defendant Catherine Williams' husband, Henry Williams, purchased a combination automobile policy from plaintiff on November 14, 1973. The policy included the coverage required by MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.* (no-fault), bodily injury and property damage liability coverage, comprehensive, collision and theft coverage, and "residual uninsured motorists" coverage. The policy covered two automobiles and had a total premium of $830. $20 was allocated for residual uninsured motorists coverage.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On January 26, 1974, defendant Catherine Williams was driving one of the insured automobiles in West Virginia. Defendants David and Beatrice Gilmer, West Virginia residents, were passengers. In Elkhorn, West Virginia, an uninsured motorist struck the Williams' automobile. Catherine Williams and David and Beatrice Gilmer were all injured in the accident.

Plaintiff insurer has been paying defendants the personal protection benefits required by MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.* Defendants demanded arbitration of the limits of uninsured motorist coverage available from plaintiff. Plaintiff brought this action seeking a declaration that it had the right to reduce the amount owing under uninsured motorist coverage by the amount of personal protection benefits paid under the policy.

The policy contains the following provision:

"In consideration of the insurance afforded under Section 1 of this endorsement [personal protection coverage] and the adjustment of applicable rates any amount payable under the Protection Against Uninsured Motorists (Family Protection) Coverage shall be reduced by the amount of any personal protection benefits paid or payable under this or any other automobile insurance policy because of bodily injury to an eligible injured person."

Plaintiff is correct in asserting that the provision, in a clear, straightforward way, authorizes the reduction of the insurer's liability under uninsured motorist coverage by whatever payments it makes under personal protection coverage. The provision, consistent with the "residual" designation on the premium schedule, limits a recovery under uninsured motorist coverage to the policy

limit less any recovery under the statutorily required personal protection coverage.

Defendants argue that several earlier decisions by this Court prohibit the offset that the provision authorizes. In *Keyes v Beneficial Insurance Co,* 39 Mich App 450; 197 NW2d 907 (1972), this Court would not permit an insurer to enforce a policy provision that allowed its liability under uninsured motorist coverage to be reduced by payments made under the medical payments coverage of the policy.

"To allow this insurer to deduct the $1,000 from the $10,000, which it is required by statute to pay, would have the effect of reducing the uninsured motorist coverage to a minimum of $9,000, thereby being in clear violation of the letter and spirit of MCLA 500.3010; MSA 24.13010." 39 Mich App at 456.

MCLA 500.3010; MSA 24.13010, crucial to the decision in *Keyes,* was repealed by 1972 PA 345. *Keyes,* therefore, provides scant support for defendants' position.

*Michigan Mutual Liability Co v Karsten,* 13 Mich App 46; 163 NW2d 670 (1968), and *Michigan Mutual Liability Co v Mesner,* 2 Mich App 350; 139 NW2d 913 (1966), both construed limits of liability provisions in uninsured motorist coverage to allow collateral benefits to be offset against the full amount of damages suffered, and not against the policy limits. The provision which plaintiff invokes is not found in the limits of liability provision, and the analysis of the structure of the policy in *Karsten* and *Mesner* is unhelpful here. Additionally, plaintiff is not attempting, as was the insurer in both *Karsten* and *Mesner,* to reduce his liability because of payments to the insured from an independent source.

A search for assistance from other jurisdictions has not been very fruitful. Apparently, only courts in Florida, Oregon and New York have considered the question of subtracting no-fault benefits from uninsured motorist liability. No reported decision has dealt with the provision contained in the policy plaintiff issued. In Florida, a statute continues to regulate uninsured motorist coverage. F.S. 1971, § 627.0851(1); FSA § 627.727(1). *Stuyvesant Insurance Company v Johnson,* 307 So 2d 229 (Fla App, 1975).

In Oregon, a section of that state's no-fault legislation provided that no-fault benefits "shall be applied in reduction of the amount of damage that the insured may be entitled to recover from any insurer under bodily liability or uninsured motorist coverage for the same accident". ORS 743.835. The section was amended by Oregon Laws, 1975, Chapter 784, § 10, to make even clearer an insurer's ability to reduce uninsured motorist liability. In *Monaco v United States Fidelity & Guaranty Co,* 275 Ore 183; 550 P2d 422 (1976), an insurer sought to deduct the no-fault benefits it had paid from the $10,000 policy limit for uninsured motorist coverage. The policy involved included language similar to the statutory provision on reduction of uninsured motorist liability, and the court held that the insurer could offset the no-fault benefits it had paid.

"The defendant in the present case has clearly and unambiguously included a provision allowing a setoff of medical payments against the uninsured coverage. ORS 743.835 allows such a setoff. The plaintiff is not entitled to receive any further sums under the uninsured motorist coverage provisions of the policy issued by the defendant." 275 Or at 192; 550 P2d at 426.

The provision in the policy plaintiff issued is no less clear and unambiguous. While Michigan statutes are presently silent on uninsured motorist coverage, reimbursement from a tort recovery is required. MCLA 500.3116; MSA 24.13116. But see *Murray v Ferris,* 74 Mich App 91; 253 NW2d 365 (1977).

The several New York decisions refusing to allow a setoff have found neither statutory nor policy authorization for such action. *Ferebee v State Farm Mutual Insurance Co,* 82 Misc 2d 874; 372 NYS2d 303 (1975), *Szeszku v Government Employees Insurance Co,* 87 Misc 2d 22; 384 NYS2d 652 (1976), *Adams v Government Employees Insurance Co,* 52 App Div 2d 118; 383 NYS2d 319 (1976).

There appears no reason why the policy provision under consideration should be disregarded. The court below was in error.

Reversed and remanded for entry of the appropriate order. Costs to plaintiff.

F. J. BORCHARD, J., concurred.

N. J. KAUFMAN, J., *(dissenting).* MCLA 500.3101(1); MSA 24.13101(1) requires that owners of motor vehicles required to be registered in Michigan obtain personal protection insurance. Defendant's husband purchased that insurance from plaintiff. Additionally, he purchased uninsured motorist coverage, which is not statutorily required.[1] Prior to entering into the contract, Mr. Williams saw only the face of the policy which indicated that he was contracting for full personal protection coverage and uninsured motorist coverage in the amount of $20,000/$40,000. The issue in

[1] The statutory provision which mandated such coverage, MCLA 500.3010; MSA 24.13010 was repealed by 1972 PA 345.

this case revolves around language contained in the uninsured motorist provision allowing the insurer to set off any amounts paid under the personal protection provision from amounts owing under the uninsured motorist coverage.

It is not disputed that personal protection coverage, to the limit of the policy, covers "benefits consisting of (a) allowable expenses,[2] (b) work loss,[3] and (c) survivors' loss[4] as a result of bodily injury * * * ". Nor can it be disputed that, under the uninsured motorist provision, the insurer "will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' * * * ".

It is significant that the definition of the term "bodily injury" in the personal protection section is identical to the definition of "bodily injury" in the uninsured motorist section. It is an elementary maxim of contract law that a contract definition is binding on the parties to the contract. See *e.g. The Western Fire Insurance Co v J R Snyder, Inc*, 76 Mich App 242; 256 NW2d 451 (1977). Thus, an entirely permissible inference from the language of the two provisions is that the benefit coverage provided under each is co-extensive with the other. Of course, such a construction would render the uninsured motorist coverage totally worthless under the majority's definition.[5] Any amount obtaina-

---

[2] Required by MCLA 500.3107(a); MSA 24.13107(a).

[3] Required by MCLA 500.3107(b); MSA 24.13107(b).

[4] Required by MCLA 500.3108; MSA 24.13108.

[5] "The provision, consistent with the 'residual' designation on the premium schedule, limits a recovery under uninsured motorist coverage to the policy limit *less any recovery under the statutorily required personal protection coverage.*" (Emphasis supplied.)

ble under the uninsured motorist provision would be offset by its inclusion in the personal protection benefits.

My colleagues, who also formed the majority in *Kozak v Detroit Automobile Inter-Insurance Exchange,* 79 Mich App 777; 262 NW2d 904 (1977), (to which I dissented) have noted that an insurance contract "is enforceable unless considerations of equity and justice * * * dictate otherwise".

In this case, I would not enforce the set-off provision, as interpreted by the majority, because I feel to do so is both inequitable and unjust.

Even if it is argued that the uninsured motorist coverage is more extensive than the personal protection coverage, it cannot be gainsaid that, at the very least, the scope of potential benefits under the uninsured motorist provision is ambiguous. Generally, if an insurance policy requires interpretation, the policy is construed strictly against the insurer and more liberally toward the insured. *Arrigo's Fleet Service, Inc v Aetna Life & Casualty Co,* 54 Mich App 482, 487, n 5; 221 NW2d 206 (1974), *lv den* 392 Mich 812 (1974). Thus, *in this case,* regardless of the precise definition of the uninsured motorist coverage, I would hold that the insurance policy visits an unconscionable result as a matter of law upon defendant.[6] This Court's choice of remedies in this situation is outlined in MCLA 440.2302(1); MSA 19.2302(1). I would "enforce the remainder of the contract without the unconscionable clause"; *i.e.,* I would not enforce the set-off provision and therefore I would affirm the trial court.

---

[6] This result would not occur under insurance contracts which provide that personal protection benefits can only be claimed where bodily injury resulted from an accident involving an insured driver, or under contracts which *expressly state* how the uninsured motorist coverage is more expansive than the personal protection coverage.