## FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN v BOWER

Docket No. 77-5092. Submitted October 3, 1978, at Escanaba.—Decided November 28, 1978. Leave to appeal applied for.

Defendant Lenord Bower sustained personal injuries when he was pinned between a barn door opening and an uninsured truck. Mr. and Mrs. Bower filed a lawsuit against the owner and driver of the truck which resulted in a verdict of no cause of action. Mr. Bower received personal income protection benefits and medical expense benefits under the no-fault provisions of his contract of insurance with plaintiff, Farm Bureau Insurance Company of Michigan. In addition, Mr. and Mrs. Bower filed a demand for arbitration under the uninsured motorist provisions of the contract. Plaintiff filed an action against Mr. and Mrs. Bower to declare the rights of the parties under the contract. The Delta Circuit Court, Clair J. Hoehn, J., declared that: (a) the jury verdict against defendants was res judicata as to the insurer's liability to its insured under the uninsured motorist provisions; (b) if the Bowers are entitled to arbitration, plaintiff can offset payments made under the no-fault provisions against like benefit payments to its insured under the uninsured motorist provisions; (c) the uninsured motorist coverages of the policy may be stacked; and (d) plaintiff was not obligated to arbitrate the claim. Defendants appeal and plaintiff cross-appeals. *Held:*

1. The doctrine of res judicata does not bar a demand for arbitration under the uninsured motorist provisions of an insurance contract where a prior lawsuit by the insured against the uninsured motorist resulted in a verdict of no cause of action.

2. Uninsured motorist coverages of an insurance policy may be stacked to increase the insurer's liability.

3. The reduction of an insurer's liability under uninsured motorist coverage by the amount of whatever payments the

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 7 Am Jur 2d, Automobile Insurance § 135.
Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

insurer makes under personal protection coverage is proper where a provision of an automobile insurance policy clearly authorizes such a reduction.

Reversed and remanded.

J. H. GILLIS, P.J., wrote the opinion embodying the holding of the panel.

D. E. HOLBROOK, J., concurred in holdings 1 and 2 but would hold that the insurer may not offset payments to the insured under the no-fault provisions against payments made under the uninsured motorist provisions.

R. M. MAHER, J., concurred in holdings 1 and 3 but would hold that the uninsured motorist coverages in the policy may not be stacked to increase the insurer's liability.

OPINION OF J. H. GILLIS, P.J.

1. ARBITRATION AND AWARD—INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—RES JUDICATA.

The doctrine of res judicata does not bar a demand for arbitration under the uninsured motorist provisions of an insurance contract where a prior lawsuit by the insured against the uninsured motorist resulted in a verdict of no cause of action.

2. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—STACKING.

Uninsured motorists coverages of an insurance policy may be stacked to increase the insurer's liability.

3. AUTOMOBILES—INSURANCE—UNINSURED MOTORISTS—SET-OFF PROVISION.

The reduction of an insurer's liability under uninsured motorist coverage by the amount of whatever payments the insurer makes under personal protection coverage is proper where a provision of an automobile insurance policy clearly authorizes such a reduction.

OPINION OF D. E. HOLBROOK, J.

4. AUTOMOBILES—INSURANCE—UNINSURED MOTORISTS—SET-OFF PROVISION.

*An automobile insurance policy provision which authorizes a reduction in uninsured motorist coverage benefits by the amount paid by the insurer under personal protection coverage is inequitable and unjust and should not be enforced where the insured believed that he was contracting for full coverage of both personal protection and uninsured motorists benefits and where a permissible inference from the definitions in the policy*

*is that the two types of coverage are coextensive each with the other.*

OPINION OF R. M. MAHER, J.

5. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—STACKING.
  *Uninsured motorist coverages of an insurance policy may not be stacked to increase the insurer's liability.*

*Butch, Quinn, Rosemary & Jardis, P.C.,* for plaintiff.

*Hansley, Nieman, Peterson, Beauchamp, Stupak & Bergman, P.C.,* for defendants.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK and R. M. MAHER, JJ.

J. H. GILLIS, P.J. This case involves a dispute over an insurer's liability under the uninsured motorist provisions of an insurance contract.

On February 4, 1974, defendant Lenord Bower sustained personal injuries when he was pinned between the loading ramp of a truck and a barn door opening as the truck was being backed into the barn to pick up cattle. The vehicle was not insured. A suit against the driver and owner of the truck resulted in a jury verdict of no cause of action. No appeal was taken from the judgment.

Defendant Lenord Bower filed for and received personal income protection benefits and medical expense benefits under the no-fault provisions of his contract of insurance with plaintiff. Defendants Lenord and Katherine Bower also filed a demand for arbitration under the uninsured motorist provisions of the insurance contract.

Plaintiff thereupon filed an action in the Delta County Circuit Court for a judgment declaring the rights of the parties under the contract. The court entered its order on December 14, 1977, declaring:

(1) The jury verdict is res judicata as to the insurer's liability to its insured under the uninsured motorist provisions.

(2) If defendants are entitled to arbitration, plaintiff can offset payments made under the no-fault provisions against like benefit payments to its insured under the uninsured motorist provisions.

(3) The uninsured motorist coverages of the policy may be stacked.

The court thereupon found that plaintiff was not under an obligation to arbitrate the claim of its insured. Defendants appeal and plaintiff cross-appeals.

## I

The judgment of no cause of action in the Bowers' case against the uninsured motorist is not a bar to a demand for arbitration under the insurance contract with Farm Bureau. This issue was addressed in *Auto-Owners Ins Co v Higby,* 69 Mich App 485, 488; 245 NW2d 102 (1976), wherein it was stated:

"To begin with, we find the doctrine of res judicata inapplicable because two lawsuits are not involved here. We are concerned here with the effect of a lawsuit on contractual rights, rather than the effect of one lawsuit on another lawsuit."

The Court in *Auto-Owners* went on to discuss whether the insureds had waived their contractual right to arbitration and concluded that under the facts of that case they had not. No allegation has been made in the instant case that defendants waived their right to arbitration so we need not address that issue here. Rather, on the authority

of *Auto-Owners, supra,* we conclude that the trial court erred in holding that the issue of liability is res judicata.

Moreover, examination of the language of the contract makes it clear that the judicial decision is not conclusive of the issue of liability. Part IV of the contract of insurance provides, in part, as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this Coverage, *determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.*

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company." (Emphasis supplied.)

The first paragraph states that the issue of liability is to be determined, absent agreement, by arbitration. The second paragraph indicates that a judgment *against* an uninsured motorist will be conclusive of the issues of liability and damages if written consent to the action is given by the insurer. This paragraph expressly applies only

when a judgment is rendered against the uninsured motorist. If the insurer had wished to make a judgment against the insured conclusive of the issues it would have been simple to insert appropriate language. In construing the language in an insurance policy prepared by the insurer, the policy should be construed most strongly against the insurer and liberally in favor of the insured. *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), *The Travelers Indemnity Co v Duffin,* 28 Mich App 142; 184 NW2d 229 (1970), *rev'd on other grounds,* 384 Mich 812; 184 NW2d 739 (1971).

As neither principles of res judicata nor the terms of the insurance policy itself made the judgment of no cause of action conclusive of the issues of liability and damages the trial court erred in holding that the insurer was not obligated to arbitrate the claim of its insured.

## II

Having determined the matter must go to arbitration, we next proceed to review the trial court's determination of the "offset" and "stacking" issues.

The trial court correctly determined that the uninsured motorist coverage could be stacked. *Detroit Automobile Inter-Ins Exchange v Curl,* 82 Mich App 140; 266 NW2d 479 (1978), *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439; 264 NW2d 19 (1978).

However, the trial court erred in holding that the insurer could only set off payments under the no-fault provisions against similar benefits under the uninsured motorist provisions. The language of

§ 4, ¶ G, of the no-fault provisions of the policy provides:

"Any amount payable under the Family Protection [uninsured motorist] Coverage of this policy shall be reduced by the amount of any personal protection benefits paid or payable under this or any other automobile insurance policy because of bodily injury to an eligible injured person."

The language of this provision is nearly identical to that construed by the Court in *American Fidelity Fire Ins Co v Williams,* 80 Mich App 125; 263 NW2d 311 (1977), and *Schigur v West Bend Mutual Ins Co,* 80 Mich App 640; 264 NW2d 83 (1978). In those cases the Court held that the above provision clearly and unambiguously authorized the insurer to offset, against its liability under the uninsured motorist coverage, any personal protection benefits it paid. We see no basis for concluding otherwise in the instant case.

Reversed and remanded for entry of an order consistent with this opinion. No costs, neither plaintiff nor defendants having prevailed in full.

D. E. HOLBROOK, J. *(concurring in part, dissenting in part).* This writer concurs with my brother Judge GILLIS in his ruling that the jury verdict is not res judicata of the insurer's liability to its insured under the uninsured motorist provisions and his ruling that uninsured motorist coverages of the policy may be stacked. However, as to the second issue in which the majority rule that plaintiff can offset payments under the no-fault provisions against payments to the insured under the uninsured motorist provisions, this writer is constrained to disagree.

The majority cite the cases of *American Fidelity*

*Fire Ins Co v Williams,* 80 Mich App 125; 263 NW2d 311 (1977), *lv gtd,* 402 Mich 950s (1978), and *Schigur v West Bend Mutual Ins Co,* 80 Mich App 640; 264 NW2d 83 (1978), *lv gtd,* 402 Mich 950q (1978), in support of its position. After reading both of these cases, together with the dissenting opinions of my Brother Judge N. J. Kaufman, it appears that the dissents in the two cases properly consider and rule on this issue.

This writer, therefore, adopts the dissenting opinions of Judge N. J. Kaufman in each of these cited cases in ruling on this issue. This writer believes that only through this interpretation of the no-fault contracts can an insured be made whole, thereby satisfying the purpose of the no-fault statute.

R. M. Maher, J. *(concurring in part, dissenting in part).* I concur in the result reached on issue I and I agree with the majority that plaintiff is entitled to offset of personal protection benefits. However, I dissent from the holding that the uninsured motorist coverages in the policy may be stacked, for the reasons set forth in *Kozak v Detroit Automobile Inter-Ins Exchange,* 79 Mich App 777; 262 NW2d 904 (1977).