SANTILLANES v BANKS

Docket No. 26884. Submitted March 7, 1977, at Lansing.—Decided May 20, 1977.

Valerie Santillanes was injured when the automobile she was driving was struck by one owned and operated by a resident of Illinois. She brought an action against Frank Banks, the owner and driver of the Illinois car, Kenilworth Insurance Company, his insurer, the Secretary of State and Detroit Automobile Inter-Insurance Exchange, the insurer of the car which plaintiff was driving, for damages for injuries sustained in the automobile accident. A judgment was entered in the Cass Circuit Court, James E. Hoff, J., declaring that plaintiff was entitled to coverage under the uninsured motorist provision of the insurance policy issued by Detroit Automobile Inter-Insurance Exchange. Defendant Detroit Automobile Inter-Insurance Exchange appeals. *Held:*

The vehicle which injured the plaintiff was an uninsured motor vehicle since the amount of bodily injury insurance carried by the vehicle did not meet the requirements of the motor vehicle responsibility law of this state, even though the vehicle was satisfactorily insured in accordance with the statutory requirements of the state where the owner-operator of the vehicle was a resident. Detroit Automobile Inter-Insurance Exchange is liable under the uninsured motorist coverage of the policy applying to the vehicle the plaintiff was driving and is not entitled to a set-off for other liability coverage for medical payments.

Affirmed.

1. AUTOMOBILES—INSURANCE—UNINSURED MOTOR VEHICLES—DEFINITIONS—STATUTES.

An "uninsured motor vehicle" means a motor vehicle as to which there is not in force a liability policy meeting the requirements

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance § 136.
What constitutes an "uninsured" or "unknown" vehicle or motorist, within uninsured motorist coverage. 26 ALR3d 883.
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 135, 135.5.

of the motor vehicle responsibility law of this state; a foreign vehicle insured under a policy of insurance to the extent required by the foreign state, but not affording the minimum liability coverage under Michigan law, is an uninsured vehicle under the Michigan Vehicle Code. (MCL 257.1102[d]; MSA 9.2802[d]).

2. AUTOMOBILES—INSURANCE—UNINSURED MOTOR VEHICLES—BODILY INJURY—SET-OFFS—STATUTES.

An insurer which is liable to its insured under the uninsured motorist coverage of an automobile insurance policy issued by the insurer is not entitled to a set-off in the amount of liability coverage afforded by an insurance policy covering the vehicle which injured the insured where the vehicle which injured the insured carried the statutory limit of liability coverage for bodily injury required in the state where the vehicle's owner and operator was a resident, where the insurer of the vehicle causing the insured's injuries paid its policy limits to the insured after the judgment, and where the vehicle which injured the insured was an uninsured motor vehicle as defined by the Michigan Vehicle Code (MCL 257.1102[d]; MSA 9.2802[d]).

3. AUTOMOBILES—INSURANCE—UNINSURED MOTOR VEHICLES—MEDICAL PAYMENTS—SET-OFFS—STATUTES.

An insurer which is liable to its insured under the uninsured motorist coverage of an automobile insurance policy issued by the insurer is not entitled to a set-off in the amount of medical payments it made to its insured where the vehicle which injured the insured carried the amount of bodily injury insurance required by the state where the vehicle's owner and operator was a resident, and where the vehicle which injured the insured was an uninsured motor vehicle as defined by the Michigan Vehicle Code (MCL 257.1102[d]; MSA 9.2802[d]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant-appellee Secretary of State.

*John E. Dewane,* for defendant-appellant DAIIE.

*Keller, Keller & Creager,* for plaintiff-appellee.

Before: QUINN, P.J., and BRONSON and M. J. KELLY, JJ.

PER CURIAM. Detroit Automobile Inter-Insurance Exchange (hereinafter defendant) appeals from an amended declaratory judgment which entitled plaintiff to coverage under the uninsured motorist provision of an insurance policy issued by defendant. The form of the policy had been approved by the Commissioner of Insurance.

Factually, plaintiff was injured when the automobile she was driving on M-60 in Cass County, Michigan was struck by one owned and operated by Banks, a resident of Illinois. The automobile plaintiff was driving was owned by her father who was insured with defendant. The uninsured motorist provision involved provided coverage of $20,000 as provided by law. Banks was insured by an Illinois insurance company not authorized to do business in Michigan. His policy had a $10,000 limit of liability for bodily injury, and this satisfied Illinois statutory requirements.

In her personal injury action against Banks, plaintiff recovered $60,000 by jury verdict and judgment thereon. Banks' insurance company paid its policy limits on the judgment. Under its medical coverage, defendant paid plaintiff certain medical benefits.

On appeal, defendant makes the following arguments:

"I. An Illinois automobile involved in an accident in Michigan while insured under a policy of insurance affording liability coverage to the extent required by the Illinois financial responsibility laws, but not affording liability coverage to the extent required by Michigan laws governing policies delivered or issued for delivery in Michigan, with respect to motor vehicles

registered or principally garaged in Michigan, is not an uninsured automobile under the uninsured motorist coverage of the policy issued by the defendant DAIIE on the motor vehicle which plaintiff was driving."

The reasoning of *Woods v Progressive Mutual Ins Co,* 15 Mich App 335; 166 NW2d 613 (1968), is applicable and it defeats this argument.

"II. If said Illinois automobile is determined to be an uninsured automobile under the uninsured motorist coverage of the policy issued by defendant DAIIE on the vehicle which plaintiff was driving, defendant DAIIE is entitled to a set-off in the amount of the liability coverage afforded by the Illinois insurance policy covering said Illinois automobile."

The reasoning of *Blakeslee v Farm Bureau Mutual Ins Co of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), is applicable and defeats this argument.

"III. If said Illinois automobile is determined to be an uninsured automobile under the uninsured motorists coverage of the policy issued by defendant DAIIE on the vehicle which plaintiff was driving, defendant DAIIE is entitled to a set-off in the amount of the medical payments it made on behalf of plaintiff."

This argument cannot be sustained, *Keyes v Beneficial Ins Co,* 39 Mich App 450; 197 NW2d 907 (1972).

In its brief under the first argument, defendant also raises two constitutional issues neither of which merits comment.

Affirmed with costs to plaintiff.