ALLSTATE INSURANCE COMPANY v ANDERSON

Docket No. 77-3621. Submitted October 10, 1978, at Detroit.—Decided
December 6, 1978. Leave to appeal applied for.

Lacy Anderson, owner and operator of a truck insured by plain-
tiff Allstate Insurance Company, and Anderson's passengers,
defendants Estille Johnson and Leonard Gierak, were severely
injured in a collision with an uninsured motorist. Anderson
also owned a car insured by Allstate in a separate policy. Each
vehicle carried uninsured motorist coverage in the amount of
$20,000/$40,000. Anderson, Johnson and Gierak filed a claim
for uninsured motorist benefits with Allstate Insurance Com-
pany. Claimants contend that stacking of benefits was availa-
ble, thus creating a combined total coverage of $80,000. Allstate
contends that stacking of coverages was not available thus
limiting a total award to $40,000. Allstate brought a declara-
tory judgment action in Wayne Circuit Court on the issue of
stacking. Judgment for defendants, Horace W. Gilmore, J.
Plaintiff appeals. *Held:*

1. Uninsured motorist benefits under two automobile insur-
ance policies may be stacked where the insured is the owner of
both policies at the time of an accident with an uninsured
motorist.

2. Uninsured motorist benefits under two automobile insur-
ance policies may be stacked by passengers of an insured
motorist who has two policies with uninsured motorist coverage
at the time of an accident with an uninsured motorist.

Affirmed.

1. INSURANCE—INSURANCE CONTRACTS—STRICT CONSTRUCTION.

Insurance contracts are to be strictly construed against the
insurer; it is the duty of the court to ascertain the meaning
which an insured would reasonably expect.

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 271-273.

[2-5] 7 Am Jur 2d, Automobile Insurance §§ 135, 135.7 (Supp), 136,
200-203.

Uninsured motorist insurance: validity and construction of "other
insurance" provisions. 28 ALR3d 551.

2. Automobiles—Insurance—Uninsured Motorist—Two Policies—
    Stacking of Benefits.

    The stacking of uninsured motorist benefits of two automobile
    insurance policies is permissible where the insured is the owner
    of both policies at the time of an accident and there is no
    language or phrase in either policy which would lead him to
    reasonably expect to be limited to recovery on one policy alone.

3. Automobiles—Insurance—Uninsured Motorist—Two Premiums
    —Single Recovery.

    An insurer should not be allowed to collect premiums for two
    uninsured motorist provisions in separate policies and then
    attempt to deliver only one recovery.

4. Automobiles—Insurance—Uninsured Motorist—Two Policies—
    Passengers—Stacking of Benefits.

    Passengers of an insured motorist who had two policies with
    separate uninsured motorist provisions at the time of an acci-
    dent involving an uninsured motorist are allowed to stack
    benefits under each of the policies.

5. Automobiles—Insurance—Uninsured Motorist—Passengers—
    Definitions.

    The uninsured motorist provisions of an automobile insurance
    policy make no distinction between the insured and his passen-
    gers; an "insured" in the uninsured motorist provision includes
    "any other person while occupying an insured automobile".

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C. (by James L. Borin), for plaintiff.*

*Gerald Tuchow Law Offices, P.C. (by Robert T. Benefiel), for defendant.*

Before: M. F. Cavanagh, P.J., and D. E. Hol-
brook, Jr., and N. J. Kaufman, JJ.

Per Curiam. On January 10, 1975, defendant
Lacy Anderson, owner and operator of a truck
insured by plaintiff Allstate Insurance Co., and
Anderson's passengers, defendants Johnson and
Gierak, were severely injured in a collision with
an uninsured motorist. Anderson also owned a car

insured by Allstate in a separate policy. Each policy contained uninsured motorist coverage in the limits of $20,000/$40,000. This appeal, from an order of summary judgment granted in defendant's favor on September 2, 1977, concerns the question of whether Anderson and his passengers may "stack" benefits under Anderson's two policies.

For the reasons stated in the dissenting opinion in *Kozak v Detroit Automobile Inter-Insurance Exchange,* 79 Mich App 777; 262 NW2d 904 (1977), adopted in *Detroit Automobile Inter-Insurance Exchange v Curl,* 82 Mich App 140; 266 NW2d 479 (1978), we hold that stacking is permissible as to all three defendants.

Allstate argues that two provisions in the uninsured motorist section of the policy preclude stacking. The first is a part of the definition of "insured":

"The insurance applies separately with respect to each insured, but the application of the insurance to more than one insured shall not operate to increase the limits of Allstate's liability."

The second is a 102-word sentence under the caption "Limits of Liability":

"The limit of liability stated in the declarations as applicable to 'each person' is the limit of Allstate's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of Allstate's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

Insurance contracts are to be strictly construed against the insurer. *Nickerson v Citizens Mutual Insurance Co,* 393 Mich 324, 330; 224 NW2d 896 (1975). The court's duty is to ascertain the meaning which the insured would reasonably expect. *Zurich Insurance Co v Rombough,* 384 Mich 228, 233; 180 NW2d 775 (1970). We cannot find that defendant Anderson, reading the two above-quoted clauses, would reasonably expect to be limited to recovery on the truck policy alone. The clauses are not written in terms of a second vehicle, a second policy, or passengers—terms which the insured might understand.

Even if the language were clear, the result might well be unconscionable. The insurer is collecting two uninsured motorist premiums, yet attempting to deliver only one recovery. See *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464, 474; 201 NW2d 786 (1972), *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482, 487; 201 NW2d 795 (1972), *Michigan Millers Mutual Insurance Co v Adams,* 84 Mich App 361, 366-371; 269 NW2d 602 (1978) (D. E. HOLBROOK, J., dissenting).

Allstate argues that even if we allow stacking as to the named insured, we should deny it as to the passengers, because they paid no premiums and are not resident relatives of the named insured. We do not find this argument persuasive. The terms of the policy make no such distinction; the definition of "insured" in the uninsured motorist section includes "any other person while occupying an insured automobile". Thus *Auto-Owners Insurance Co v Traviss,* 72 Mich App 66; 248 NW2d 673 (1976), is not on point, because in *Traviss* the defendant's decedent did not fall within the policy definition of "insured".

Allstate also directs our attention to *Detroit Automobile Inter-Insurance Exchange v Curl, supra*. In that case Russell Curl was killed in a collision with an uninsured motorist. Curl had resided in a household with his parents and a relative named Cummins. Curl's estate sought to stack three policies—two issued to Curl's parents, and one issued to Cummins. This Court allowed stacking of the parents' policies, but denied it as to the Cummins policy.

In the case at bar Allstate contends that Anderson and Gierak are on the same footing as the Cummins policy. We disagree. The logical extension of stacking of the Cummins policy would have been unlimited liability which the insurer could not possibly foresee when writing a policy—*e.g.*, a resident of a commune attempting to stack policies held by 20 or 30 residents of the same commune. In the case at bar, however, the insurer could forsee the liability stemming from a finite number of passengers, all defined as "insureds", riding in a vehicle of finite size. As stated in the dissenting opinion of *Kozak, supra* at 786, should this result seem unfair to the insurer, the insurer may always petition the insurance commissioner for a rate adjustment. The insured has no such remedy.

Affirmed.