LOTOSZINSKI v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 78-3303. Submitted October 2, 1979, at Lansing.—Decided
December 5, 1979. Leave to appeal applied for.

Plaintiff Mary K. Lotoszinski was injured on June 3, 1971, when
the motorcycle on which she was a passenger collided with an
automobile owned by Richard Hunter and driven by Norma
Hunter. The Hunters were covered by an insurance policy,
issued by Auto Owners Insurance Company, which provided
coverage of $10,000 per person, $20,000 per accident for total
disability connected with the operation of the automobile. This
coverage met the statutorily required minimum limits for that
time. Subsequent to the accident, Auto Owners paid $10,000 to
Ronald Cordon, the operator of the motorcycle, under the
Hunters' policy. Thereafter, plaintiff and her mother, Margaret
Lotoszinski, commenced an action against the Hunters in Shia-
wassee Circuit Court. The plaintiff was awarded $180,000 for
her injuries, while her mother obtained a judgment in excess of
$10,000. Auto Owners paid the judgment in favor of Margaret
Lotoszinski, thereby exhausting all of the proceeds of the
Hunters' insurance policy. Finding the Hunters uncollectible,
the plaintiff filed claims with State Farm Mutual Automobile
Insurance Company under the uninsured motorist provisions of
policies that both the plaintiff and her mother held with State
Farm. These policies mandated arbitration of all claims made
under the uninsured motorist provision. Plaintiff brought an
action in Ingham Circuit Court against State Farm seeking a
judgment that State Farm was required to arbitrate her claims.
The court, Jack W. Warren, J., ordered that the claims be

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 158.
  5 Am Jur 2d, Arbitration and Award § 145.
[2] 7 Am Jur 2d, Automobile Insurance §§ 136, 138.
  What issues are arbitrable under arbitration provision of uninsured
    motorist insurance. 29 ALR3d 328.
  Automobile insurance: what constitutes an "uninsured" or "un-
    known" vehicle or motorist, within uninsured motorist coverage.
    26 ALR3d 883.

arbitrated. At arbitration plaintiff was denied recovery, based upon the fact that the tortfeasors were insured up to the minimum requirements and, thus, in the opinion of the majority of the arbitration panel, were not uninsured. The circuit court subsequently denied plaintiff's motion to vacate the decision of the arbitration panel. The plaintiff appeals. *Held:*

The arbitrators did not exceed their authority in their ruling. There are no circumstances in this case which fit any of the exceptions to the rule that, in most instances, an arbitrator's factual or legal conclusions will not be disturbed by the courts.

Affirmed.

N. J. KAUFMAN, J., dissented. He would hold that the arbitrators' decision was arbitrary and a clear error of law and that the Court of Appeals may grant relief. He would allow the plaintiff to recover under the uninsured motorist provisions of her policy and her mother's policy on the basis that as far as the plaintiff was concerned, the tortfeasors were uninsured as there was no liability coverage available to the plaintiff for her injuries.

He would reverse.

### OPINION OF THE COURT

1. ARBITRATION AND AWARD — FACTUAL AND LEGAL CONCLUSIONS — APPEAL AND ERROR — COURT RULES.

An arbitrator's factual or legal conclusions will not, in most instances, be disturbed by the courts; there are limited exceptions to this rule (GCR 1963, 769.9[1]).

### DISSENT BY N. J. KAUFMAN, J.

2. ARBITRATION AND AWARD — AUTOMOBILES — INSURANCE — UNINSURED MOTORISTS.

*A decision of an arbitration panel that an injured plaintiff could not recover under the uninsured motorist provision of her or her mother's automobile insurance policies because the tortfeasor against whom a judgment was entered in favor of plaintiff was insured was arbitrary and constituted a clear error of law where the driver of the motorcycle on which the plaintiff was riding recovered from a tortfeasor's insurer, as did the plaintiff's mother in an action derivative to the plaintiff's cause of action, thereby exhausting the limits of the insurance coverage of the tortfeasor, who was unable to pay a judgment in the plaintiff's favor, leaving the tortfeasor, in effect, uninsured as far as the plaintiff was concerned.*

*Stiles, Fowler, Dudley & Tuttle,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster,* for defendant.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

D. C. RILEY, J. Following an automobile accident, plaintiff sought recovery under the uninsured motorist provisions of policies which plaintiff and her mother held with defendant. Plaintiff requested arbitration on this matter pursuant to the terms of the policy. The arbitrators concluded that plaintiff was not entitled to recovery. On June 20, 1978, an Ingham County circuit judge entered an order denying plaintiff's motion to vacate the arbitration award. Plaintiff appeals as of right, claiming that the arbitrators exceeded their authority in reaching their decision.

In most instances, an arbitrator's factual or legal conclusions will not be disturbed by the courts. *North American Steel Corp v Siderius, Inc,* 75 Mich App 391, 399-400; 254 NW2d 899 (1977), *Detroit Automobile Inter-Insurance Exchange v Ayvazian,* 62 Mich App 94, 97; 233 NW2d 200 (1975). GCR 1963, 769.9(1), sets out limited exceptions to this rule including instances where the arbitrators have exceeded their authority.

We do not find any exception applicable to the instant case.[1] It was plaintiff who submitted the

---

[1] Since we do not believe that the arbitrators exceeded their authority in denying plaintiff recovery, we do not reach the merits of this case as does the dissent. Were we to examine this case *de novo,* we would likely adopt the majority view, as opposed to the minority view advocated by the dissent, which is that an insufficiently insured motorist may not recover from uninsured motorists' funds. See *Saari v State Farm Mutual Automobile Ins Co,* 72 Mich App 278; 249 NW2d 390 (1976), *Gorton v Reliance Ins Co,* 77 NJ 563; 391 A2d 1219 (1978), *Brake v MFA Mutual Ins Co,* 525 SW2d 109 (Mo App, 1975),

issue to arbitration, thus negating any possible claim that the award exceeded the scope of the arbitration agreement. See *Smith v Highland Park Board of Education,* 83 Mich App 541, 546; 269 NW2d 216 (1978). Nor can it be said that the arbitrators acted with manifest disregard of the law, as the instant award is not in conflict with any existing Michigan law. See, *Detroit Automobile Inter-Insurance Exchange v Ayvazian, supra,* at 98. Therefore, the arbitration award will not be vacated.

Affirmed. Costs to defendant.

DANHOF, C.J., concurred.

N. J. KAUFMAN, J. *(dissenting).* I find it necessary to lodge my dissent to the position taken by my colleagues. A factual review is in order to highlight the reasons for my decision.

The parties to this proceeding have stipulated to a concise statement of facts. These facts provide, in pertinent part, that the accident out of which this claim arose involved a collision between a motorcycle and an automobile. The plaintiff was a passenger on the motorcycle which was operated by one Ronald Cordon. The automobile was owned by a Richard Hunter and driven by a Norma June Hunter. At the time of the accident on June 3, 1971, the Hunters owned an insurance policy with Auto Owners Insurance Company which provided coverage of $10,000 per person, $20,000 per accident, for total disability connected with the operation of the automobile. This coverage met the statutorily required minimum limits at this time.

Subsequent to the accident, Auto Owners paid

*Travelers Ins Co v Bouzer,* 39 Cal App 3d 992; 114 Cal Rptr 651 (1974), *Simonette v Great American Ins Co,* 165 Conn 466; 338 A2d 453 (1973).

Ronald Cordon $10,000 under the Hunters' insurance policy. Thereafter, plaintiff, who was seriously injured in the accident, and her mother, Margaret Lotoszinski, filed suit against the Hunters in Shiawassee County Circuit Court. Plaintiff was awarded $180,000 for her injuries, while her mother obtained her own judgment in excess of $10,000. Auto Owners paid the judgment of Margaret Lotoszinski, thereby exhausting all of the proceeds of the Hunters' insurance policy.

Finding the Hunters uncollectible, the plaintiff, who garnered nothing from the Hunters' insurance policy with Auto-Owners, proceeded against the instant defendant under the uninsured motorist provisions of policies that both the plaintiff and her mother held with defendant. Each of these policies provided for liability coverage in the amount of $10,000 per person, $20,000 per accident, for bodily injury occasioned by the negligence of an uninsured motorist. Further, each of these policies mandated arbitration of all claims made under the uninsured motorist provisions.

Accordingly, plaintiff proceeded to arbitration but was denied recovery under the policies. The majority opinion of the arbitrators emphasized the fact that the tortfeasors were insured up to the minimum requirements and, thus, were not uninsured. Accordingly, irrespective of whether plaintiff actually reaped any benefits from the tortfeasor's exhausted coverage, defendant's uninsured motorist coverage was not applicable.

It is at this point that I must differ from the majority position of my colleagues, which affirmed the arbitrator's decision. It would be unconscionable to deny plaintiff recovery on the facts of this case. In what seems a grossly inequitable distribution, the Hunters' insurance coverage was split up

between the operator of the motorcycle and the plaintiff's mother, who presented a purely derivative claim in the first place. Thus, plaintiff, the recipient of a $180,000 jury award to attest to the seriousness of her injuries, was not able to recover from the Hunters' insurer. Now, the majority position denies her recovery under her own policy's uninsured motorist provision because the Hunters were not uninsured motorists. Their policy benefits were exhausted before plaintiff could recoup any coverage for her injuries. To deny recovery at this stage would result in a situation where a plaintiff would be in a better position if injured by a tortfeasor with absolutely no insurance, rather than by one with exhausted benefits. Since uninsured motorist coverage is intended "for the protection of persons insured", the legislative intent would hardly be served by such an interpretation.

Though Michigan law is scarce in this area, this conclusion is supported by decisions from other jurisdictions. Language from the Ohio case of *Hanlon v Buckeye Union Ins Co,* 73 Ohio Op 2d 267, 271; 324 NE2d 598 (1975), is particularly illuminating:

"It is elementary that uninsured means uninsured insofar as a particular injured person is entitled to recovery thereon; i.e. it is not possible for *him* to recover any liability insurance monies.

"It would be ridiculous to hold that although a tortfeasor may be a party to a writing—an automobile liability coverage policy—but the company denies recovery thereon so far as a victim is concerned, that an uninsured policy holder could neither collect on the coverage for which he paid or collect on the liability coverage of the tortfeasor.

"The only logical and reasonable construction that may be given the policies and the statute is one con-

struing them to mean that if the offending driver does not have liability coverage *available to the injured insured* in limits for bodily injury set forth in R.C. § 4509.20, that the uninsured motorist coverage is applicable to such insured up to the limits stipulated in his policy." (Emphasis in original.)

See also *Porter v Empire Fire & Marine Ins Co,* 106 Ariz 274, 279; 475 P2d 258 (1970).

This conclusion also finds support in a series of Michigan decisions which have enunciated a state policy in favor of stacking insurance benefits. See *Blakeslee v Farm Bureau Mutual Ins Co of Mich,* 388 Mich 464; 201 NW2d 786 (1972), *Aetna Casualty & Surety Co v Belcher,* 83 Mich App 175; 268 NW2d 335 (1978), *Santillanes v Banks,* 86 Mich App 615; 273 NW2d 83 (1977), and *Allstate Ins Co v Anderson,* 87 Mich App 539; 274 NW2d 66 (1978).

In view of the foregoing, I would suggest that the arbitrators' decision was arbitrary and constituted a clear error of law. Therefore, it was outside the scope of the arbitrators' powers to come to this conclusion and this Court may grant relief. See *Detroit Automobile Inter-Insurance Exchange v Spafford,* 76 Mich App 85, 87; 255 NW2d 780 (1977), and GCR 1963, 769.9.

Accordingly, this cause should be remanded to the circuit court. There, the court should determine what percentage, if any, of the Hunters' insurance coverage, which was paid on plaintiff's mother's derivative claim, went to the plaintiff. If none, plaintiff shall be awarded $20,000, to be made up of $10,000 from the uninsured motorist provision of her own policy and $10,000 from her mother's policy. If plaintiff was assigned a percentage of her mother's derivative recovery, the circuit court shall award plaintiff $20,000 less this per-

centage. This award shall also come from plaintiff's uninsured motorist provision to the extent of $10,000, with the balance made up by plaintiff's mother's uninsured motorist coverage. Upon remand, this Court should no longer retain jurisdiction.