FARR v MICHIGAN MUTUAL LIABILITY COMPANY

Docket No. 47756. Submitted June 9, 1980, at Detroit.—Decided September 16, 1980. Leave to appeal applied for.

Paul F. Farr, a motorcyclist, was injured in an accident with an uninsured motorist. He was insured by the Michigan Mutual Liability Company under two policies, one on his motorcycle and another on his father's automobile. An arbitration panel awarded Farr the limits of liability under the uninsured motorist coverage of both policies, thus allowing "stacking" of the policies, and held that a $5,000 deductible clause under the personal injury protection coverage of the father's policy could not be used to offset personal injury protection benefits paid from the amount of the uninsured motorist coverage award. A judgment based on the arbitration award was entered, Macomb Circuit Court, Halford I. Streeter, J., and Michigan Mutual appeals. *Held:*

The standard to be applied in reviewing an arbitration award is whether the arbitrators acted with manifest disregard of the law. At the time the arbitration panel decided this case there was a split of appellate authority on both the question of whether uninsured motorist coverage could be stacked and the question of whether an uninsured motorist coverage award could be reduced by the amount of personal injury protection payments made. Therefore, because the law was unclear, the arbitrators did not act with manifest disregard of the law.

Affirmed.

1. ARBITRATION — REVIEW — STANDARD OF REVIEW — MANIFEST DISREGARD OF THE LAW.

The standard to be applied in reviewing decisions of arbitrators is that those decisions are not reviewable unless the arbitrators acted with manifest disregard of the law; that is, the arbitrators had been presented with controlling precedents which they refused to apply.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 145.
[2] 5 Am Jur 2d, Arbitration and Award § 144 *et seq.*

2. ARBITRATION — INSURANCE — AUTOMOBILES — UNINSURED MOTOR-
    ISTS.

An arbitration panel did not exceed its powers by allowing the
"stacking" of uninsured motorist coverage and by holding that
an award could not be reduced by the amount of personal
injury protection benefits paid where, at the time of the panel's
decision, there was a split of appellate authority over the
questions of whether uninsured motorist coverage could be
"stacked" and whether personal injury protection benefits could
be subtracted from an award of uninsured motorist coverage
benefits.

*McIntosh, Mugan, Cummings & McColl* (by *John
B. McNamee)*, for plaintiff.

*Hibbs & Lewis* (by *Terry S. Welch)*, for defen-
dant.

Before: BASHARA, P.J., and D. C. RILEY and E. A.
QUINNELL,* JJ.

E. A. QUINNELL, J. Plaintiff, while operating his
motorcycle, was injured in an accident with an
uninsured motorist. Two policies of insurance pro-
vided coverage. Plaintiff possessed a motorcycle
policy issued by defendant with a $20,000 limit on
uninsured motorist coverage. Defendant also is-
sued a policy to plaintiff's father, which covered
plaintiff as a member of the household, that con-
tained a $50,000 limit on uninsured motorist cov-
erage. The latter policy also contained a $5,000
deductible clause for personal injury protection
(PIP) coverage.

Defendant paid $20,000 pursuant to the unin-
sured motorist coverage provided by the motorcy-
cle insurance policy. Approximately $10,000 was
also paid in PIP benefits. Defendant refused to
make any payments based on plaintiff's father's
uninsured motorist coverage. Defendant also

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claimed that the $5,000 deductible for PIP benefits was valid.

Plaintiff instituted suit contending that the uninsured motorist coverages of the two policies could be "stacked" and that the $5,000 PIP deductible was invalid. Ultimately, the suit was suspended when plaintiff submitted written requests to defendant for arbitration as provided by the policies. On September 10, 1979, the arbitration panel issued its opinion, finding plaintiff entitled to $70,000 in uninsured motorist benefits which could not be offset by payments made under the PIP coverage.

Plaintiff moved for entry of judgment based on the arbitration award on September 17, 1979. On September 21, 1979, defendant filed a response in opposition to the motion and a counter-motion to vacate the arbitration award pursuant to GCR 1963, 769.9(1)(c). The court entered judgment based on the arbitration award, and defendant appeals.

Defendant contends that the arbitration panel misapplied existing law and, as such, exceeded its powers within the meaning of GCR 1963, 769.9(1)(c). This Court is split on the issue of when legal errors committed by arbitrators in rendering their awards are reviewable pursuant to this court rule. Some of this Court's decisions state that where the arbitrators have made a "clear error of law", the award is outside their scope of power. See, *Detroit Automobile Inter-Ins Exchange v Spafford,* 76 Mich App 85, 87; 255 NW2d 780 (1977), *lv den* 402 Mich 825 (1977), and the cases cited therein.[1] Other decisions from this Court indicate that errors of law are not reviewable

---

[1] The writer of this opinion acknowledges that he signed the opinion in *Spafford,* which used the "clear error of law" standard of review of an arbitrator's decision. The "manifest disregard of the law" standard was not briefed, argued or discussed in *Spafford.*

unless the arbitrators acted with "manifest disregard of the law". *Detroit Automobile Inter-Ins Exchange v Ayvazian,* 62 Mich App 94, 98 fn 1; 233 NW2d 200 (1975), *Lotoszinski v State Farm Mutual Automobile Ins Co,* 94 Mich App 164, 166-167; 288 NW2d 369 (1979). Manifest disregard of the law permits no review for mere errors of interpretation, no matter how clear the error may be. For there to be "manifest disregard of the law" the arbitrators must have been presented with controlling precedents which they refused to apply. In our opinion, the manifest disregard of the law standard is the one which must be applied in reviewing arbitration decisions. The purpose of arbitration is to avoid protracted litigation. However, a rule of review based on "clear error" would not promote this purpose in too many cases. Whether "clear legal error" has been committed is far more open to debate in a given case than whether the arbitrators acted in "manifest disregard of the law". An advocate would have a much easier time convincing himself of an arbitrator's "clear legal error" as opposed to a "manifest disregard of the law". Thus, the "clear legal error" standard does not serve the rationale underlying arbitration as well as the "manifest disregard of the law" standard.

In this case, the arbitration panel issued its award on September 10, 1979. At that time, it was unclear whether uninsured motorist coverage could be "stacked". Compare, for instance, *Allstate Ins Co v Anderson,* 87 Mich App 539; 274 NW2d 66 (1978), and *Kozak v Detroit Automobile Inter-Ins Exchange,* 79 Mich App 777; 262 NW2d 904 (1977).[2] One panel of this Court recently reached

---

[2] The Michigan Supreme Court has since held that uninsured motorist coverage cannot be "stacked" if the policy of insurance contains an unambiguous clause precluding the same. *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141 (1980).

the same conclusion and held that an arbitration panel did not exceed its power by allowing "stacking" despite policy limitations to the contrary. *Detroit Automobile Inter-Ins Exchange v Standfest,* 96 Mich App 71; 292 NW2d 164 (1980).

Defendant also contends that it was reversibly erroneous for the arbitration panel to refuse to reduce its liability under the uninsured motorist coverage by the amount of PIP payments made. At the time the arbitration panel considered this matter, this Court had held in several cases that where a provision in the policy clearly authorizes such a reduction, said clause must be enforced. *Schigur v West Bend Mutual Ins Co,* 80 Mich App 640; 264 NW2d 83 (1978), *American Fidelity Fire Ins Co v Williams,* 80 Mich App 125; 263 NW2d 311 (1977),[3] *Gardner v Ins Co of North America,* 82 Mich App 128; 266 NW2d 474 (1978), *Farm Bureau Mutual Ins Co v Bower,* 87 Mich App 305; 274 NW2d 48 (1978). However, the contrary result had also been reached. *Santillanes v Banks,* 86 Mich App 615; 273 NW2d 83 (1977). We further note that Judge KAUFMAN dissented in *Schigur* and that Judge HOLBROOK's partial concurrence in *Bower* adopts this dissent. Thus, the correct resolution of this issue was also unclear at the time the arbitration panel acted. Consequently, we decline to find a manifest disregard of the law.

Affirmed.

---

[3] *Schigur* and *Williams* were both reversed by the Michigan Supreme Court in *Bradley, supra,* fn 2. In *Bradley* the Court held that uninsured motorist coverage could not be reduced by the amount of PIP benefits paid. The Court reasoned that such a holding would defeat the reasonable expectations of insureds and the no-fault act's policy of distinguishing between economic and noneconomic losses.