BAKER v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 57181. Submitted April 8, 1982, at Detroit.—Decided July
19, 1982. Leave to appeal applied for.

Samuel Baker was struck by a truck while filling his sister's
automobile with gasoline. Baker had driven his sister's car with
her permission. The truck that hit Baker was not insured.
Baker's sister's car was insured by the Detroit Automobile
Inter-Insurance Exchange. Baker also owned two automobiles
at the time of the accident, both of which were insured by
DAIIE under separate policies. Baker filed a demand for arbi-
tration as provided in the insurance policies. The arbitrators
allowed Baker to stack the uninsured motorist coverage under
the three policies issued by DAIIE and awarded Baker dam-
ages. DAIIE filed a motion to vacate the award in Macomb
Circuit Court. The court, Kenneth N. Sanborn, J., refused to
vacate the arbitration award. Subsequently, the Michigan Su-
preme Court in *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294
NW2d 141 (1980), held that uninsured motorist coverage cannot
be stacked if the policy of insurance contains an unambiguous
clause precluding the same. Thereafter, DAIIE moved for a
rehearing. The court, Kenneth N. Sanborn, J., held that the
arbitrators had not exceeded their power nor made a clear
error of law and that the *Bradley* decision should not be given
retroactive effect. DAIIE appeals. *Held:*

The arbitrators did not exceed their power. At the time the
arbitration award was made, it was unclear whether uninsured
motorist coverage could be stacked. The arbitrators' decision to
permit stacking did not evidence a clear error of law or a
manifest disregard of the law.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 329, 368.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.
[2] 4 Am Jur 2d, Appeal and Error § 158.
   5 Am Jur 2d, Arbitration and Award §§ 140, 145.
   Appealability of judgment confirming or setting. aside arbitration
   award. 7 ALR3d 608.

1. INSURANCE — NO-FAULT INSURANCE — UNINSURED MOTORIST COVERAGE.

Uninsured motorist coverage in a policy of no-fault automobile insurance cannot be stacked if the policy of insurance contains an "other insurance" clause which provides that damages shall be deemed not to exceed the limits of a voluntarily purchased uninsured motorist endorsement in the insurance policy and the uninsured motorist coverage of the policy shall apply pro rata where there is other similar insurance available.

2. ARBITRATION — JUDGMENTS — JUDICIAL REVIEW — CLEAR ERROR OF LAW.

A judgment confirming an arbitration award may be reversed where the arbitrators exceeded their power by making a clear error of law; a clear error of law exists where the arbitrators have exhibited a manifest disregard of the law as distinguished from a mere error in the interpretation of the law.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.,* for plaintiff.

*Glime, Daoust, Wilds, Rusing & Widlak,* for defendant.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

R. R. FERGUSON, J. Defendant appeals as of right the trial court's denial of its motion to vacate an arbitration award on the ground that the arbitrators exceeded their power by making a clear error of law. GCR 1963, 769.9(1)(c). We affirm.

Plaintiff, with his sister's permission, had driven her car to Cookville, Tennessee. He was struck by a truck while filling the car with gasoline at a self-serve station. The truck was not insured. Plaintiff's sister's car was insured with defendant. Plaintiff also owned two cars at the time, both of which were insured under separate policies with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant. Each policy included uninsured motorist protection benefits with a limit of $20,000.

Plaintiff filed a demand for arbitration as provided in the policies. The arbitrators allowed plaintiff to "stack" coverage under the three policies and awarded plaintiff $27,500. Defendant sought to vacate the award contending that the arbitrators exceeded their power in allowing plaintiff to stack the coverage. The trial court initially refused to vacate the award under the impression that defendant had failed to raise the issue of stacking before the arbitrators. Subsequent to the court's ruling, the Supreme Court held that uninsured motorist coverage cannot be stacked if the policy of insurance contains an unambiguous clause precluding the same. *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141 (1980). Thereafter, defendant moved for a rehearing. The trial court then determined that the arbitrators had not exceeded their power, had not made a clear error of law and that *Bradley* should not be given retroactive effect to the case at bar.

This Court is split on the issue of what standard should be applied in determining whether legal errors committed by arbitrators are reviewable pursuant to GCR 1963, 769.9(1)(c). Some decisions state that where the arbitrators have made a "clear error of law", the award is outside their scope of power. Other decisions indicate that errors of law are not reviewable unless the arbitrators acted with "manifest disregard of the law". See *Farr v Michigan Mutual Liability Co,* 100 Mich App 190, 192-193; 298 NW2d 708 (1980), and the cases cited therein. We need not decide which is the more appropriate standard to apply because under either standard we conclude that the arbitrators did not exceed their power. In this case,

the arbitrators issued their award on December 31, 1979. At that time, it was unclear whether uninsured motorist coverage could be stacked. This Court has held on several occasions that due to the unsettled nature of the law at the time of the arbitration award, we would not hold that the arbitrators' decision to permit stacking evidenced a clear error of law or a manifest disregard of the law. *Detroit Automobile Inter-Ins Exchange v Standfest,* 96 Mich App 71; 292 NW2d 164 (1980), *Detroit Automobile Inter-Ins Exchange v McMillan,* 97 Mich App 687; 296 NW2d 147 (1980), *Farr v Michigan Mutual Liability Co, supra.* We agree with those decisions and decline to find that the arbitrators exceeded their power.

Defendant urges this Court, however, to apply *Bradley* retrospectively and determine that the arbitrators exceeded their authority. The case at bar comes before this Court to review a judgment confirming an arbitration award. Under those circumstances, our review is extremely limited in scope. *Detroit Automobile Inter-Ins Exchange v McMillan, supra,* 690-691, and authorities cited therein. In the case at bar, we may only determine whether the arbitrators exceeded their power. The Supreme Court's decision in *Bradley* notwithstanding, at the time the arbitrators issued their award, the law was unsettled. Under these circumstances, it cannot be said that the arbitrators exceeded their power. *Detroti Automobile Inter-Ins Exchange v McMillan, supra,* 693.

Affirmed.